# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYKAL S. RYAN,<br><br>  vs.   Plaintiff,<br><br>UNITED STATES OF AMERICA,<br><br>  Defendant. | CASE NO. 11 CV 1992 MMA (RBB)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>[Doc. No. 6] |

Currently before the Court is Defendant United States of America's motion to dismiss Plaintiff Mykal Ryan's complaint, or in the alternative, for summary judgment. For the reasons set forth below, the Court **GRANTS** Defendant's motion to dismiss.

## **BACKGROUND**

On August 30, 2011, Plaintiff Mykal S. Ryan initiated this action against individual Defendant Timothy C. Stutler, alleging Mr. Stutler and his agents falsified information, fabricated evidence, and otherwise endeavored to obstruct several proceedings initiated by Plaintiff in the Southern District of California. [Doc. No. 1.] On October 26, 2011, the Court substituted the United States of America ("Defendant") in place and stead of AUSA Stutler, pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988. [Doc. No. 5.]

On November 1, 2011, Defendant filed a motion to dismiss Plaintiff's complaint, or in the alternative, for summary judgment. [Doc. No. 6.] The Court set Defendant's motion for hearing on December 27, 2011. Plaintiff did not file an opposition, but instead, on December 19 filed a

request to stay the proceedings for 150 days to provide him additional time to oppose Defendant's motion. [Doc. No. 8, ¶6.]

Plaintiff argued he needed additional time to oppose Defendant's motion because he suffers from "major depression" caused by Post Traumatic Stress Disorder (PTSD), which has prevented him from working on his opposition. [*Id*. ¶¶2-3.] Plaintiff was diagnosed with PTSD in August 2005 after serving twenty months in Iraq as an Army soldier. [*Id*. ¶3.] The Court granted Plaintiff additional time to oppose the pending motion, and instructed him to file an opposition no later than February 6, 2012. [Doc. No. 9.] To date, no opposition has been filed.

## **DISCUSSION**

The Ninth Circuit has held a district court may properly grant an unopposed motion to dismiss pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond. *See generally, Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Local Civil Rule 7.1(f)(3)(c) provides that "[i]f an opposing party fails to file papers in the manner required by Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of that motion or other ruling by the court." As such, the Court has the option of granting Defendant's motion to dismiss on the basis of Plaintiff's failure to respond, and it chooses to do so.

Generally, public policy favors disposition of cases on their merits. *See, e.g., Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). However, a case cannot move forward toward resolution on the merits when the plaintiff fails to defend his case against dispositive motions. Thus, this policy lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes or completely prevents progress in that direction. *See In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994). In addition, management of this Court's docket is of vital significance to the proper and timely resolution of matters before it. Consequently, granting Defendant's unopposed motion to dismiss, which has been pending since November 2011, facilitates the Court's management of its docket.

/ / /

/ / /

## CONCLUSION

Accordingly, for the reasons stated above, the Court **GRANTS** Defendant's motion to dismiss and **DISMISSES** Plaintiff's claims without prejudice. The Clerk of Court is instructed to close the case file.

**IT IS SO ORDERED**.

DATED: February 15, 2012

Hon. Michael M. Anello
United States District Judge